IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| DUSTIN REINARD, Individually and as injured Parent of B.R. and K.R., and MISTY REINARD,<br><br>        Plaintiffs,<br>vs.<br><br>CROWN EQUIPMENT CORP.,<br><br>        Defendant. | No. C 16-2094-MWB<br><br>OPINION AND ORDER REGARDING DEFENDANT'S MOTIONS TO EXCLUDE EXPERTS AND FOR SUMMARY JUDGMENT |

_____

This case arises from a forklift collision with a steel pole, in which Dustin Reinard suffered serious injuries to his left leg resulting in its amputation. Dustin Reinard and Misty Reinhard have brought the following claims against Crown Equipment Corporation, the manufacturer and seller of the forklift: strict products liability design defect, negligent manufacture and design, breach of implied warranty of fitness for a particular purpose, loss of spousal consortium, and loss of parental consortium, with a prayer for punitive damages also identified as a "count" of the Complaint. This matter is currently set for a jury trial to begin on July 16, 2018.

On November 15, 2017, Crown filed the following motions, which are now before me: (1) a Motion To Exclude The Testimony Of Ruston M. Hunt, Ph.D.; (2) a Motion To Exclude The Testimony Of Thomas A. Berry, P.E.; and (3) a Motion For Summary Judgment, seeking summary judgment on the Reinards' claims of a design defect, breach of implied warranty of fitness for a particular purpose, and punitive damages. The Reinards resisted those motions, except as to summary judgment on their implied warranty claim, on December 11, 2017, and Crown filed replies on January 4, 2018.

Crown's motions to exclude the testimony of the two experts, pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993), are **denied**. Had these experts' opinions been as lacking in authority and basis as Crown argues, I likely would have excluded them as based on no more than *ipse dixit*. *See American Auto. Ins. Co. v. Omega Flex, Inc.*, 783 F.3d 720, 725 (8th Cir. 2015) ("'[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert.'" (quoting *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). That is not the case, however.

Rather, after reviewing the Reinards' extensive responses to the motions to exclude the testimony of these experts, my "preliminary assessment" is that these experts are qualified to state their proffered opinions, the reasoning and methodology underlying the challenged opinions are scientifically valid, and the experts' reasoning and methodology can be applied to the facts in issue. *See Daubert*, 509 U.S. at 592-93 (first step in the court's "gatekeeper" function under Rule 702); *Kudabeck v. Kroger Co.*, 338 F.3d 856, 860 (8th Cir. 2003) (explaining that the "gatekeeper function" involves this "preliminary assessment"). I am also convinced that these experts' testimony is relevant and will aid the trier of fact. *Daubert*, 509 U.S. at 592 (second step in the analysis); *Kudabeck*, 338 F.3d at 860 (same). Indeed, this is yet another case in which excluding these experts' challenged opinions would "invade the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence," *United States v. Vesey*, 338 F.3d 913, 916-17 (8th Cir. 2003), and that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" are not only "traditional," but "appropriate" means of attacking what Crown contends are deficiencies in these experts' evidence. *Daubert*, 509 U.S. at 596; *Vesey*,

338 F.3d at 917.  Indeed, Crown's challenges indicate the bases for attempting to impeach the experts, but not for excluding their opinions entirely.

Crown's Motion For Summary Judgment is **denied in part and granted in part**. Crown argues for summary judgment on the Reinards' design defect claims on the ground that the Reinards lack evidence of an alternative safer design, because their experts' testimony should be excluded.  Because I decline to exclude those experts' opinions, including their opinions on an alternative safer design, however, summary judgment on this claim is not warranted.  Similarly, Crown contends that the Reinards lack evidence warranting punitive damages, because the forklift complies with ASME/ANSI standards and is consistent with industry practice.  However, as the Reinards argue, their experts' testimony demonstrates that there are flaws in the scientific bases for those standards and that industry practice is not so uniform as Crown suggests.  I find that the Reinards have satisfied their burden in resisting summary judgment by pointing to evidence generating genuine issues of material fact on their prayer for punitive damages.  *See Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*) (to survive summary judgment, "[t]he nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)); *see also Johnson v. Crooks*, 326 F.3d 995, 1005 (8th Cir. 2003) (explaining that a fact is material when it "'might affect the outcome of the suit under the governing law'" (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The only part of Crown's Motion For Summary Judgment that is granted is Crown's challenge to the Reinards' claim of breach of implied warranty of fitness for a particular purpose on the ground that the claim is untimely.  The Reinards expressly state

that they do not contest this part of Crown's Motion For Summary Judgment and that they abandon their claim based on warranty.

THEREFORE,

1. Crown's November 15, 2017, Motion To Exclude The Testimony Of Ruston M. Hunt, Ph.D. (docket no. 37) is **denied**;

2. Crown's November 15, 2017, Motion To Exclude The Testimony Of Thomas A. Berry, P.E. (docket no. 39) is **denied**; and

3. Crown's November 15, 2017, Motion For Summary Judgment (docket no. 41) is **denied in part and granted in part**, as follows:

   a. The part of the Motion seeking summary judgment on the Reinards' design defect claims is **denied**;

   b. The part of the Motion seeking summary judgment on the Reinards' prayer for punitive damages is **denied**; and

   c. The part of the Motion seeking summary judgment on the Reinards' breach of warranty claim is **granted**, as uncontested.

**IT IS SO ORDERED**.

**DATED** this 24th day of January, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA