

**RE: Reinard v. Crown: Crown's Deposition Designations of Plaintiff**

**Mark Bennett (Dist Judge)** to: Kali Book    07/24/2018 07:52 PM

Cc: Bruce Braley, Greg Lederer, Kari Lisiewski, Michael Warshauer, Thomas Cullen
Bcc: Roger Mastalir

| | |
|---|---|
| From: | Mark Bennett/IAND/08/USCOURTS(Dist Judge) |
| To: | Kali Book <kbook@gdldlaw.com> |
| Cc: | Bruce Braley <bbraley@leventhal-law.com>, Greg Lederer <glederer@lwclawyers.com>, Kari Lisiewski <kll@GDLDLAW.com>, Michael Warshauer <mwarshauer@warlawgroup.com>, Thomas Cullen <tjc@gdldlaw.com> |
| Bcc: | Roger Mastalir/IAND/08/USCOURTS |

Dear Counsel,

Thanks to Ms. Book for the clarification and for sending the designation of Dustin Reinard's deposition and for the opportunity to review this. Out of an abundance of caution, after reading the designations, I reviewed the real-time draft of Mr. Reinard's testimony last Friday, which I attach below. I do not think there is any new information in the designation, with one possible exception, than what he already testified to, mostly on the thorough cross-examination by Mr. Cullen. That one possible exception is the designation portion on pages 75-76. While that was generally covered in his testimony, in this designation he contrasts the forklift he was using on the day of the accident with other equipment that was sometimes "rough" that he thought it was a good piece of equipment, and was "broken in." I really don't think that adds anything new but will allow it if Crown decides to use it.

Of course, if Crown has a case, especially controlling precedent, that a party has a right to use admissions that have already been testified to, and are needlessly cumulative, a waste of time in my view under Fed. R. Evid. 403, I would like to see it and would consider it. If you have such a case please email it to me and opposing counsel at your earliest opportunity. Thanks for your continued cooperation. I am asking my law clerk, Roger, to file this email in the morning and I will also make a record about this before we bring the jury in at 8:30. Best

mwb     072018 Reinard Day 5 Rough Draft.pdf

**Mark W. Bennett**
U.S. District Court Judge
Northern District of Iowa
U.S. Courthouse
320 6th St. Sioux City, Iowa 51101

712-233-3909 (fax) 712-233-3913
www.iand.uscourts.gov
Judge Bennett's SSRN page: https://ssrn.com/author=703083

"Do not be daunted by the enormity of the world's grief.  Do justly, now. Love mercy, now. Walk humbly, now. You are not obligated to complete the work, but neither are you free to abandon it." - The Talmud
"The arc of the moral universe is long but it bends towards justice." - MLK, Jr.

---

| Kali Book | Judge Bennett and Counsel, I believe there is so... | 07/24/2018 06:58:33 PM |
|---|---|---|

| From: | Kali Book <kbook@gdldlaw.com> |
|---|---|
| To: | Bruce Braley <bbraley@leventhal-law.com>, "Mark_Bennett@iand.uscourts.gov" <Mark_Bennett@iand.uscourts.gov> |
| Cc: | Michael Warshauer <mwarshauer@warlawgroup.com>, Thomas Cullen <tjc@gdldlaw.com>, Greg Lederer <glederer@lwclawyers.com>, Kari Lisiewski <kll@GDLDLAW.com> |
| Date: | 07/24/2018 06:58 PM |
| Subject: | RE: Reinard v. Crown: Crown's Deposition Designations of Plaintiff |

Judge Bennett and Counsel,

I believe there is some confusion over Crown's reduced designations and write to correct it.  The designations counsel attached to the email below were Crown's original designations.  I attached those to my original email to Plaintiffs' counsel for reference (as stated in my email to them) so that Plaintiffs could easily see the significant reductions we have made.  Our reduced designations are as follows and consistent of a total of 9 transcript pages, with many of those pages only being partially designated:

- 4:7-8
- 4:11 (starting "My name is . . .") to 14 (ending "in July of 2014.")
- 21:18-22
- 62:10-63:16
- 75:12-76:4
- 87:16-88:10
- 121:3-24

Crown continues to maintain that Rule 32 permits the reading of these portions, that the testimony constitutes an admissible party admission, and that the limited portions we have designated are not cumulative of Plaintiff's trial testimony.

I apologize for any confusion and hope the above clarifies this issue.

Thanks.

**Kali Enyeart Book**
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
kbook@gdldlaw.com (e-mail)
410-783-4988 (direct telephone)
410-783-4000 (firm telephone)
410-783-4040 (firm fax) | www.gdldlaw.com



IMPORTANT CONFIDENTIALITY NOTICE

This message from the law firm of Goodell, DeVries, Leech & Dann, LLP contains information that may be privileged, confidential, and protected from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please reply to the sender that you have received the message in error, or notify us immediately at telephone number (410) 783-4000, and delete the message.

**From:** Bruce Braley <bbraley@leventhal-law.com>
**Sent:** Tuesday, July 24, 2018 7:45 PM
**To:** Mark_Bennett@iand.uscourts.gov
**Cc:** Michael Warshauer <mwarshauer@warlawgroup.com>; Thomas Cullen <tjc@gdldlaw.com>; Greg Lederer <glederer@lwclawyers.com>; Kari Lisiewski <kll@GDLDLAW.com>; Kali Book <kbook@gdldlaw.com>
**Subject:** FW: Reinard v. Crown: Crown's Deposition Designations of Plaintiff

Dear Judge Bennett:

We just received the attached "limited designation" of the deposition of our client, Dustin Reinard, by the Defendant.

After reviewing these designations, the Plaintiffs continue to object to the reading of this deposition testimony under Rule 403.

Crown's limited designation includes such testimony as:

Crown's limited designation includes:

Q: Good morning, Mr. Reinard.

A: Good morning.

\*\*\*

Q: My name is Tom Cullen. I represent Crown Corporation …." (p. 4)

\*\*\*

Q: Okay. And in 2004 you came to work at Target?

A: I was a seasonal in 2003. (p. 10)

\*\*\*

Q: Did you use any motorized material-handling equipment while working as a seasonal worker at Target in 2003-2004?

A: No. (p. 12)

All of the subject areas designated were covered during the direct examination of Dustin Reinard on Friday, July 20, 2018. Counsel for Defendant had ample opportunity to explore all of these matters with Mr. Reinard and covered many of them last Friday. Had counsel chosen to do so, he could have continued his cross examination of Mr. Reinard on Monday morning of this week.

At noon last Friday, counsel for Defendant thanked Mr. Reinard and stated, "I was trying to get through right at 12 so we could break if this is a good time."

The Court responded to this statement: "I don't want you to feel you have to stop."

Defense counsel then responded, "Your Honor, I am in a good position to stop."

At that point, I informed the Court that I had an additional 5 minutes of redirect examination of Mr. Reinard, and the Court permitted me to proceed. My redirect began at noon and ended at 12:05 p.m. At that point, counsel for Crown was asked if he had any redirect examination, and he informed the Court that he did not.

Plaintiffs ask the Court to exercise its considerable discretion under Rule 403 and enter a ruling that the limited designation of Dustin Reinard's deposition not take place.

If counsel for the Defendant is allowed to open this door, Plaintiffs will need to consider recalling Dustin Reinard to respond to this evidence.

Thank you.

Bruce Braley


**From:** Kali Book [mailto:kbook@gdldlaw.com]
**Sent:** Tuesday, July 24, 2018 5:49 PM
**To:** Michael Warshauer <mwarshauer@warlawgroup.com>; Bruce Braley <bbraley@leventhal-law.com>
**Cc:** Thomas Cullen <tjc@gdldlaw.com>; Greg Lederer <glederer@lwclawyers.com>; Kari Lisiewski <kll@GDLDLAW.com>
**Subject:** Reinard v. Crown: Crown's Deposition Designations of Plaintiff

Counsel,

We have limited our original deposition designations of Dustin Reinard (attached here for reference) to the following:

- 4:7-8
- 4:11 (starting "My name is . . .") to 14 (ending "in July of 2014.")
- 21:18-22

- 62:10-63:16
- 75:12-76:4
- 87:16-88:10
- 121:3-24

Please advise if you have any objection.  We plan to send to the Court by 10:30pm.

Thanks,

**Kali Enyeart Book**
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
kbook@gdldlaw.com (e-mail)
410-783-4988 (direct telephone)
410-783-4000 (firm telephone)
410-783-4040 (firm fax) | www.gdldlaw.com



IMPORTANT CONFIDENTIALITY NOTICE
This message from the law firm of Goodell, DeVries, Leech & Dann, LLP contains information that may be privileged, confidential, and protected from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please reply to the sender that you have received the message in error, or notify us immediately at telephone number (410) 783-4000, and delete the message.